IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTO HURTADO, | |
| Plaintiff, | |
| v. | Case No. 25-cv-844-NJR |
| DEE DEE BROOKHART, ASSISTANT WARDEN JENNINGS, JEREMIAH BROWN, ASSISTANT WARDEN WILLIAMS, and MAJOR HENTON, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roberto Hurtado, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Hurtado alleges that as an inmate in administrative detention he was denied out-of-cell recreation. He asserts claims under the Eighth and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Hurtado is currently at Lawrence Correctional Center and assigned to administrative detention (Doc. 1, p. 7). As an inmate in administrative detention, Hurtado alleges that he should be afforded the same out-of-cell opportunities as those in general population (*Id.*). *See also* 20 Ill. Admin. Code § 504.690(f). But since January 7, 2022, he has not received the same out-of-cell opportunities. Hurtado alleges that he is confined to his cell 24 hours a day, five days per week, behind a steel door with only a small food port (*Id.* at p. 8). He is unable to attend religious services, educational programs, vocational training, or mental health programming (*Id.*). He is limited to non-contact in-person visits for two hours and has no access to indoor recreation or exercise equipment. When he is removed from his cell, he is subjected to both hand and leg restraints (*Id.*). He only receives four hours of outdoor recreational exercise per week in a single man cage that Hurtado contends is the size of a dog kennel. He has no access to exercise equipment or a toilet while in the cage (*Id.*).

Hurtado contends that these conditions are significantly different than those afforded in general population. Inmates in general population have access to a "day room" for two hours every day and receive access to both outdoor and indoor recreation with access to exercise equipment for more than five hours per week (Doc. 1, p. 9). They also have access to various religious, educational, and mental health services and programs (*Id.*). Inmates in general population also are allowed "contact" visits seven times per month for four hours each (*Id.*). Hurtado contends that the failure of officials to

provide him with five hours of out-of-cell recreation and/or exercise opportunities constitutes cruel and unusual punishment (*Id*. at p. 14).

Hurtado has informed numerous officials about his lack of access and the arbitrary treatment of those in administrative detention (Doc. 1, p. 9). He informed Brookhart, Jennings, Brown, and Henton on numerous occasions between 2022 and 2025, but they simply acknowledged the problem and the violation of state law without seeking to resolve the issue (*Id.* at p. 10). On April 21, 2022, Hurtado filed a formal grievance about his out-of-cell opportunities (*Id.*). In an email response, Jennings conceded that the prison was not meeting out-of-cell requirements for its seriously mentally ill population housed in administrative detention. Jennings noted that they hoped to meet the requirements once the yards and programs were up and running (*Id.* at pp. 10, 22). Hurtado pursued the grievance with the grievance officer who affirmed the grievance in his favor (*Id*. at p. 11). Brookhart concurred with the findings and recommendations of the grievance officer (*Id*.). On March 7, 2023, Hurtado appealed the grievance to the Administrative Review Board ("ARB"), despite receiving a favorable ruling by the grievance officer. Hurtado contends that he appealed the grievance to ensure compliance because he had not yet received his requested relief (*Id*.). The ARB returned the grievance noting that Hurtado had received an affirmative finding by the facility and there was no justification for further consideration (*Id*.).

Hurtado alleges that he spoke with all of the defendants about his grievance and always reminded them that he was not receiving proper out-of-cell time (Doc. 1, p. 12). He informed them that his mental health was deteriorating due to the lack of access to

3

activities and exercise (*Id*.). Hurtado notes that he suffers from numerous mental health issues including chronic anxiety, depression, and extreme isolation (*Id*.). The lack of exercise opportunities increases his anxiety and depression (*Id*. at pp. 12-13). The lack of out-of-cell time also affects his physical conditions as he suffers from back and neck ailments and requires exercise equipment to help accommodate those injuries (*Id*. at p. 13). Hurtado alleges that when he spoke to each defendant about the subject matter set forth in his grievances, he always informed them of the mental and physical effect on him (*Id*.).

## Preliminary Dismissals

To the extent Hurtado identifies officials Piper, Puckett, Ochs, and John Does in his statement of claim, he fails to include them in his case caption. In order to be a party in the case, a plaintiff must identify them in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Hurtado fails to identify these individuals as defendants, any potential claim against them is **DISMISSED without prejudice**.

Further, to the extent Hurtado alleges that his lack of access outside of his cell violates 730 ILCS § 5/3-7-2(c), Hurtado fails to state a claim. The statute regulating the Illinois Department of Corrections does not create a private cause of action. *Ambrose v. Godinez*, 510 F. App'x 470, 471 (7th Cir. 2013). *See also Ashley v. Snyder,* 316 Ill.App.3d 1252, 250 Ill.Dec. 900, 739 N.E.2d 897, 902 (Ill. App. Ct. 2000) ("Prison regulations ... were *never* intended to confer rights on inmates ... Instead, Illinois DOC regulations, as well as the

Unified Code, were designed to provide guidance to prison officials in the administration of prisons."). Any alleged claim under state statute is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment cruel and unusual punishment claim against Brookhart, Brown, Jennings, Henton, and Williams for denying Hurtado at least five hours a week of out-of-cell recreation/exercise opportunities.
>
> **Count 2:** Fourteenth Amendment equal protection claim against Brookhart, Brown, Jennings, Henton, and Williams for denying Hurtado the same out-of-cell activities and opportunities as those afforded to general population.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

"Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "[T]here is a significant difference

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

between a lack of outdoor recreation and an inability to exercise." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). An inmate may state an Eighth Amendment claim when he is entirely barred from recreation or provided with little opportunity for movement. *See Antonelli*, 81 F.3d at 1432 (inmate stated a claim when he was denied recreation for seven weeks and often limited to one hour out of his cell every two weeks). *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (frequent lockdowns of substantial periods of time which denied plaintiff all access to recreational opportunities); *Delaney v. DeTella*, 256 F.3d 679, 84-85 (7th Cir. 2001) (six month denial states a claim; a strong likelihood of injury is present after 90 days). Repeated short-term denials of exercise privileges may also amount to a constitutional violation. *Turley*, 729 F.3d at 652-53 (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity).

Although Hurtado contends that he was denied as much access out of his cell as inmates in general population, he acknowledges that he received four hours of out-of-cell activities per week. He does not allege that he was denied all access to the yard or out-of-cell activities. *Vasquez v. Braemer*, 586 F. App'x 224, 228 (7th Cir. 2014) ("Allowing inmates only two showers and four hours of outside recreation each week does not violate the Eighth Amendment."); *Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir. 1988) (upholding injunctive relief requiring five hours of exercise per week). He also fails to allege that he was unable to exercise in his cell. Thus, Hurtado fails to state a claim regarding his lack of out-of-cell activities while in administrative detention.

**Count 2**

As to Hurtado's claim in Count 2, the Equal Protection Clause guards against state action that treats a person poorly because of a suspect classification, such as sex, national origin, race, or religion, or because the person exercised a fundamental right. *Abcarian v. McDonald*, 617 F.3d 931 (7th Cir. 2010). Hurtado fails to allege that he was a member of a protected class. But even absent a fundamental right or membership in a suspect class, equal protection requires that a classification resulting "in unequal treatment bear some rational relationship to a legitimate state purpose." *French v. Heyne*, 547 F.2d 994, 997 (1976) (citing *Wojick v. Levitt*, 513 F.2d 725 (7th Cir. 1975)). *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Hurtado argues that the unequal treatment he experienced in administrative detention is not based on a legitimate penological interest because, per the administrative code, administrative detention is to be treated the same as general population. He further argues that there was no basis for treating the unit differently and he points to grievances where officials acknowledged that they were not following the requirements for administrative detention. Hurtado also alleges that he spoke to Brookhart, Jennings, Brown, and Henton, as well as wrote grievances that Jennings responded to, acknowledging the problem. At this stage, Hurtado states a viable equal protection claim against these officials. Hurtado fails, however, to allege that Williams was personally involved in the treatment of inmates in administrative detention or that Hurtado made Williams aware of his concerns. He only states in conclusory fashion that Williams violated his rights (Doc. 1, p. 14). Because he fails to allege that Williams was personally involved, any claim against Williams is **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 is **DISMISSED without prejudice**. Count 2 shall proceed against Dee Dee Brookhart, Jeremiah Brown, Assistant Warden Jennings, and Major Henton, but is **DISMISSED without prejudice** as to Assistant Warden Williams.

The Clerk of Court shall prepare for Dee Dee Brookhart, Jeremiah Brown, Assistant Warden Jennings, and Major Henton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Hurtado. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hurtado, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Hurtado, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hurtado is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  January 15, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**